BORIS BRISKIN (Cal Bar No. 265094)
DANIEL ANDREW GIBALEVICH (Cal Bar No. 217116)
    Law Offices of Daniel A. Gibalevich
    6300 Wilshire Boulevard, Suite 1440
    Los Angeles, California 90048
    Telephone: (323) 930-2020
    Facsimile: (323) 930-2225
    E-mail: Boris@daglawapc.com
            Gibalevichlaw@hotmail.com
Attorneys for Plaintiff
Maria Rodriguez

EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
MARSHA M. YASUDA (Cal. Bar No. 238509)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6702
    Facsimile: (213) 894-7819
    E-mail: Marsha.Yasuda@usdoj.gov
Attorneys for Defendant
United States of America

FILED
CLERK, U.S. DISTRICT COURT

April 20, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ____KH_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARIA RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. CV 14-04941 AJW<br><br>**JOINT PRETRIAL ORDER**<br><br>[PROPOSED]<br><br>Pretrial Conf.: August 31, 2015<br>Trial: December 9, 2015<br><br>Honorable Andrew J. Wistrich |

Following Pretrial proceedings pursuant to Rule 16, Federal Rules of Civil Procedure and Local Rule 16,

IT IS ORDERED:

**1. PARTIES/PLEADINGS**

The parties are:

    Plaintiff:        Maria Rodriguez

    Defendants:     United States of America

The pleadings which raise the issues are:

First Amended Complaint, filed January 12, 2015.  ECF 26.

Defendant United States' Answer, filed February 3, 2105.  ECF 31.

**2. JURISDICTION/VENUE**

Federal jurisdiction and venue are invoked upon the following grounds:  This is an action arising under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). Plaintiff alleges she tripped and fell at a United States Postal Service ("USPS") post office in the city of Long Beach, California.  Pursuant to the FTCA, Plaintiff brought this action against the United States in the Central District of California.  This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).  The facts requisite to federal jurisdiction and venue are admitted.

**3. TRIAL ESTIMATE**

The parties estimate that the trial of this matter will take:

<u>Plaintiff's Position</u>:  2 days

<u>Defendant's Position</u>:  1 -2 days

**4. COURT/JURY TRIAL**

The trial is to be a Court (i.e., non-jury) trial.  The Court will be the trier of fact pursuant to 28 U.S.C. § 2402.  Each party will file their separate proposed findings of fact and conclusions of law pursuant to the Court's December 8, 2014 Scheduling Order.  ECF 21.

5.     **ADMITTED FACTS**

The following facts are admitted and require no proof:

(a)     The USPS operates a facility located at 1920 Pacific Avenue, Long Beach, California 90802.

(b)     There are two customer entrances to the Pacific Avenue post office: (1) one entrance leading directly to where the post office boxes are located and (2) one entrance leading directly to the customer service area.

(c)     Plaintiff has maintained a post office box at the Pacific Avenue post office since October 6, 2011.

(d)     Before January 17, 2013, Plaintiff would go to the Pacific Avenue post office about one or two times a week to pick up her mail.

(e)     Before January 17, 2013, Plaintiff never experienced any problem with the mat at the entrance to the post office boxes and never reported any issues with the mat to any postal employee.

(f)     Plaintiff is unaware of anyone else tripping over the mat at the post office.

(g)     On January 17, 2013, Plaintiff entered the Pacific Avenue post office through the door that led directly to the post office boxes.

(h)     At the time, Plaintiff was wearing a medical walking boot ("boot") on her right leg and walking with a cane in her right hand.

(i)     Plaintiff required these medical devices because she had injured her right ankle in September 2012 after slipping and falling in a hotel bathroom in Mexico.

(j)     Plaintiff entered the USPS building with her son, Jesus, who suffers from schizophrenia.

(k)     In order to enter the building, Plaintiff had to pass through a glass door.

(l)     There was a floor mat placed on the ground at the threshold, located inside of the post office.

(m)     Plaintiff did not observe the floor mat upon entering the building.

(n)     After passing through the entrance and over the mat without incident,

2

Plaintiff and her son retrieved her mail from her post office box.

    (o)    In order to exit the facility, Plaintiff then headed toward the same door from which she entered.

    (p)    Plaintiff was talking and looking at her son as she walked from her post office box to the exit.

    (q)    Plaintiff's son opened the door so Plaintiff could exit.

    (r)    Before exiting, Plaintiff fell inside the post office.

    (s)    Plaintiff did not notice the condition of the mat before she fell because she did not pay attention to it.

    (t)    The first time she noticed the mat was after she fell.

    (u)    Prior to falling, Plaintiff never felt her foot getting caught underneath or on the mat before she fell.

    (v)    When Plaintiff fell, no part of her body crossed the threshold of the doorway.

    (w)    Plaintiff fell on her hands and knees on top of the mat.

    (x)    Plaintiff alleges the ripples in the mat as depicted in these photographs caused her to trip and fall.

    (y)    Plaintiff did not notify anyone at the post office that she had tripped over the mat until she filed her administrative tort claim in July 2013, six months after the accident had occurred.

**6.    STIPULATED FACTS SUBJECT TO OBJECTION**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection: None.

**7.    CLAIMS AND DEFENSES OF THE PARTIES**

<u>**PLAINTIFF'S POSITION RE HER CLAIMS:**</u>

    (a)    <u>Plaintiff plans to pursue the following claims against the United States</u>:
    Claim 1: Negligence

Claim 2: Premises Liability

(b) <u>The elements required to establish Plaintiff's claims are:</u>

Claim 1:
    a. Duty
    b. Breach of Duty
    c. Causation
    d. Injury

Claim 2:
    a. Duty
    b. Breach of Duty
    c. Causation
    d. Injury

(c) <u>In brief, the key evidence Plaintiff relies on for each of the claims is:</u>

Claim 1:
    a. Duty: The USPS has a duty to make sure that its premises are safe.
    b. Breach of Duty: USPS employees placed a mat at an entrance/ exit that was curled/ buckled and constituted a dangerous condition.
    c. Causation: Ms. Rodriguez tripped on the mat which directly led to her injuries.
    d. Injury: Ms. Rodriguez was transported by ambulance to a hospital where she was treated for numerous injuries. Ms. Rodriguez subsequently was evaluated and treated by other doctors.

Claim 2:
    a. Duty: The USPS has a duty to make sure that its premises are safe.
    b. Breach of Duty: USPS employees placed a mat at an entrance/ exit

      that was curled/ buckled and constituted a dangerous condition.

  c. Causation: Ms. Rodriguez tripped on the mat which directly led to her injuries.

  d. Injury: Ms. Rodriguez was transported by ambulance to a hospital where she was treated for numerous injuries. Ms. Rodriguez subsequently was evaluated and treated by other doctors.

## DEFENDANT'S POSITION RE PLAINTIFF'S CLAIMS:

<u>Elements Required to Establish Plaintiff's Claim for Negligence</u>

Plaintiff must prove by a preponderance of the evidence that:

1. The United States owned, leased, occupied or controlled the Pacific Avenue Post Office;
2. The United States was negligent in the use or maintenance of the Pacific Avenue Post Office;
3. Plaintiff was harmed; and
4. The United States' negligence was a substantial factor in causing Plaintiff's harm.

CACI 1000.

In order to establish that the United States was negligent in the use or maintenance of the Pacific Avenue Post Office under element (2) above, Plaintiff must also prove by a preponderance of the evidence that:

5. A condition on the property created an unreasonable risk of harm;
6. The United States knew, or through the exercise of reasonable care, should have known about it; and
7. The United States failed to repair the condition, protect against harm from the condition, or give adequate warning of the condition.

CACI 1003.

Moreover, if an unsafe condition of the property is so obvious that a person could

1  reasonably be expected to observe it, then the United States does not have to warn others
2  about the dangerous condition.  CACI 1004.  <u>See</u> also <u>Felmlee v. Falcon Cable TV</u>, 36
3  Cal.App.4th 1032, 1039–1040 (1995).

<u>Elements Required to Establish Plaintiff's Claim for Past Medical Expenses</u>

To recover damages for past medical expenses, Plaintiff must prove by a preponderance of the evidence the following:

1. The amount of each expense;
2. That each expense was reasonable;
3. That each of the medical services was actually given and was reasonably necessary to diagnose and/or treat the injuries; and
4. That the condition which necessitated the past medical care was the legal result of an injury caused by the United States.

CACI No. 3903A.  Assuming, *arguendo*, that Defendant's negligence is found to be the legal cause of Plaintiff's alleged injuries, Plaintiff must demonstrate that her damages claims are certain and not speculative.  <u>Ventura County Humane Society v. Holloway</u>, 40 Cal. App. 3d 897, 907 (1974); <u>Kuffel v. Seaside Oil</u>, 11 Cal. App. 3d 354, 366 (1974).

Additionally, Plaintiff is only entitled to recover the amounts actually paid for her medical expenses, not merely the billed amounts.  <u>Howell v. Hamilton Meats & Provisions</u>, 52 Cal. 4th 541 (2011) (where the medical provider has accepted less than a billed amount as full payment, evidence of the full billed amount is not itself relevant on the issue of past medical expenses).

<u>Elements Required to Establish Plaintiff's Claim for</u>
<u>Pain and Suffering</u>

There is no fixed standard to determine an amount to award a plaintiff for pain and suffering.  However, any damages awarded for pain and suffering must be reasonable and based upon the evidence and the factfinder's common sense.  CACI No. 3905A;

Duarte v. Zachariah, 22 Cal. App. 4th 1652, 1664-1665 (1994) ("There is no direct correspondence between money and harm to the body, feelings or reputation… The discretion of the judge or jury determines the amount of recovery, the only standard being such an amount as a reasonable person would estimate as fair compensation"). In addition, any award of pain and suffering damages must be causally connected to the tortious act. Miller v. San Diego Gas & Electric Co., 212 Cal. App. 2d 555, 558 (1963).

## DEFENDANT'S AFFIRMATIVE DEFENSES:

**(a) Defendant plans to pursue the following affirmative defenses:**

Affirmative Defense No. 1: (Comparative Fault): Plaintiff's damages, if any, must be reduced in proportion to her own fault and the fault of others.

Affirmative Defense No. 2: (FTCA administrative tort claim limitations): Plaintiff's damages, if any, are limited to the amount claimed administratively under the Federal Tort Claims Act, 28 U.S.C. § 2675(b).

**(b) The elements required to establish Defendant's affirmative defenses are:**

Affirmative Defense No. 1: (Comparative Fault): Any potential recovery by Plaintiff must be reduced in proportion to her own fault and the fault of others. (Li v. Yellow Cab Co., 13 Cal. 3d 804, 829 (1975)). The elements are:

(1) Plaintiff and/or a nonparty tortfeasor were at fault with regard to damages, if any, she sustained.

(2) The fault of Plaintiff and/or a party tortfeasor was a substantial factor in causing Plaintiff's damages, if any.

**(c) In brief, the key evidence Defendant relies on for each affirmative defense is:**

Affirmative Defense No. 1: (Comparative Fault): Plaintiff was at fault with regard to damages, if any, she sustained. Additionally, Plaintiff suffered from other sources of physical complaints attributable to prior injuries or conditions.

1. The Accident

Plaintiff is expected to testify that she maintained a post office box at the Pacific Avenue Post Office since October 2011. She would visit the post office one or two times a week to pick up her mail. On these occasions, she would cross over the mat located on the floor where she entered the post office. She had never experienced problems with the mat and she never complained to anyone at the post office about the mat before January 17, 2013.

On January 17, 2013, her right ankle was in a medical boot and she was walking with the assistance of a cane because she had slipped and fallen 4 months prior. Plaintiff will state she crossed over the mat at issue when she entered the post office without incident. She will admit that before she fell, she did not observe the condition of the floor mat because she was talking to her son and not paying attention. She will concede that she is unaware of how she fell and does not know whether she actually tripped on the floor mat. Plaintiff will state that she never notified anyone at the post office that she had tripped over the mat until she filed an administrative tort claim 6 months after the incident.

2. Plaintiff's Alleged Damages

Plaintiff alleges that she suffered injuries to her neck, shoulders and hands as a result of tripping and falling at the post office. When she presented to the emergency room, she complained only of some pain over the left lateral neck and some low back pain. She was diagnosed with acute on chronic back pain and an elbow contusion.

Plaintiff admits she has had chronic low back pain since 2002 and, as a result, does not attribute her lower pain to the trip and fall at the post office. Plaintiff also had a prior trip and fall accident in 2010 and a slip and fall accident four months prior to her trip and fall at the post office.

Although Plaintiff visited the emergency room the day of the accident, she did not seek further medical treatment until about one month later. Plaintiff received five (5) months of chiropractic care to treat the injuries she alleged were a result of the accident

8

on January 17, 2013. She has not sought any medical treatment for any injuries she believes she sustained as a result of the accident since July 2013.

Affirmative Defense No. 2: (FTCA administrative tort claim limitations): Plaintiff's damages, if any, cannot exceed the amount she claimed administratively. In addition, Plaintiff is not entitled to pre-judgment interest or any other monetary amounts not provided for by law.

**8. ISSUES TO BE TRIED**

In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

(a) Whether the United States breached a duty of care to Plaintiff.

(b) Whether any of Plaintiff's alleged injuries or damages were caused by Defendant's alleged breach of duty.

(c) Whether any of Plaintiff's alleged injuries or damages were caused by her fault or the fault of others.

(e) The amount of damages, if any, that Plaintiff suffered as a result of Defendant's alleged breach of duty.

**9. DISCOVERY**

The parties agree that all discovery is complete.

**10. DISCLOSURES/EXHIBIT LIST**

All disclosures under F. R. Civ. P. 26(a)(3) have been made.

The joint Exhibit List of the parties is being filed under separate cover pursuant to the Court's December 8, 2014 Scheduling Order. ECF 21. Defendant reserves the right to supplement the list in light of its anticipated motions in limine.

Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial except those exhibits listed below:

9

Plaintiff's objections:

None.

Defendant objects to Exhibit Nos. 03 – 15 and 17:

With respect to Exhibit Nos. 03 – 13, Defendant objects on the grounds of lack of foundation, hearsay, and relevance.

With respect to Exhibit No. 14, Defendant objects on the grounds that it is cumulative.

With respect to exhibit No. 17, all documents produced/relayed [sic] upon by expert Mark Burns, Plaintiff has not adequately identified this exhibit. Defendant therefore reserves its objections until the documents are properly specified. Notwithstanding the foregoing, Defendant objects to the extent it encompasses documents relied upon or created by Mr. Burns after his Rule 26 report was disclosed to Defendant. Defendant also anticipates objecting, at a minimum, on the grounds of hearsay, relevance, lack of foundation and under Federal Rule of Evidence 702.

**11. WITNESS LISTS**

Only the witnesses identified in the witness list filed pursuant to the Court's December 8, 2014 Scheduling Order (ECF 21) will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by Local Rule 32-1: None.

Plaintiff's Position:

None.

Defendant's Position:

Defendant objects to the scope of Plaintiff's expert testimony. (See below). Defendant also reserves the right to supplement the list in light of its anticipated motions in limine.

1  **12.   LAW AND MOTION:**

2  The following law and motion matters and motions in limine are pending or
3  contemplated:

4  <u>Plaintiff</u>:

5  None.

6  <u>Defendant</u>:

7  (a)   Defendant filed a Motion for Summary Judgment which is set for hearing
8  on August 10, 2015.

9  (b)   Defendant anticipates filing a motion in limine to exclude testimony of
10 Plaintiff's engineering expert, Mark Burns to the extent Plaintiff seeks to have him
11 testify to matters beyond the scope of his Rule 26 report. Additionally, Defendant will
12 make a *Daubert* challenge to Mr. Burns' opinions and conclusions to the extent they
13 were not reliable and/or grounded in the methods and procedures of science, as opposed
14 to the expert's subject belief or unsupported speculation.

15 (c)   Defendant anticipates filing a motion in limine to exclude testimony of
16 Plaintiff's medical expert, Dr. John Donahue, to the extent Plaintiff seeks to have him
17 testify to matters beyond the scope of his Rule 26 report.

18 (d)   Defendant anticipates filing a motion in limine to exclude evidence of the
19 amounts billed for Plaintiff's past medical expenses. <u>Bermudez v. Ciolek</u>, 237 Cal. App.
20 4th 1311 (Cal. App. 4th Dist. 2015) ("the amount incurred by an uninsured medical
21 patient is not sufficient evidence on its own to prove the reasonable amount of medical
22 damages.").

23 **13.   BIFURCATION**

24 Bifurcation of the following issues for trial is ordered:  None.

25 **14.**   The foregoing admissions having been made by the parties, and the parties having
26 specified the foregoing issues remaining to be litigated, this Final Pretrial Conference
27 Order shall supersede the pleadings and govern the course of the trial of this cause,
28 unless modified to prevent manifest injustice.

Dated: April 20, 2016

_____
ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

Approved as to form and content:

Dated: July 28, 2015

                              /s/*
BORIS BRISKIN
DANIEL ANDREW GIBALEVICH
Attorneys for Plaintiff
Maria Rodriguez

Dated: July 28, 2015           EILEEN M. DECKER
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

                              /s/
MARSHA M. YASUDA
Assistant United States Attorney

Attorneys for Defendant
United States of America

    *Pursuant to Local Rule 5-4.3.4(2),the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.